T. W. MACAULAY, APPELLANT, *v.* WILLIAM J. BRYAN, JR., RESPONDENT.

No. 4146

May 25, 1959                                    339 P.2d 377

*Ernest S. Brown,* of Reno, for Appellant.

*Goldwater, Taber & Hill,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This appeal is taken from summary judgment in favor of the defendant. The action brought by appellant as plaintiff is one for slander.

Judgment was based upon the proposition that the slanderous utterance did not have reference to the plaintiff. Upon this appeal appellant contends that a listener might reasonably have concluded that the utterance had reference to the appellant and that the question thus should have gone to the jury.

The record upon which summary judgment was granted consisted of the appellant's complaint and deposition.

The statement in question was made by respondent at a public hearing held in Sparks, Nevada, before representatives of the federal Bureau of Public Roads in connection with the location of an interstate highway

through Sparks. Appellant was an officer of a group known as the United Freeway Association which advocated one route known as the rim route. Respondent was a member of the Sparks Freeway Association which advocated a different route.

The statement in question, as set forth in appellant's complaint, was as follows: "Now, as further evidence that this situation exists in the Reno-Sparks area, I wish to call the attention of the Bureau of Public Roads, the actions of the various freeway organizations. The United Freeway Organization and/or persons who are sympathetic with them, (since I cannot say that they were directed by the United Freeway Association since I have no direct knowledge of that; but certainly they were done either by the Association themselves or persons who were sympathetic with the Association), have been guilty of forgery of petitions, including the Mayor of the City of Reno. This has already come out in the paper; this is no news to anyone. They have also been guilty of changing names from sets of petition; one set to another, those person or persons. They have also been guilty of keeping on their rolls persons who originally favored the rim route and who no longer favor the rim route. They have also been guilty of actual theft of petitions of the Sparks Freeway Association in Sparks, names running up to four figures.

". . . I say this for this reason, and that is that these petitions have no monetary value whatsoever so that the only persons who could have possibly been interested in obtaining these petitions would be either the United Freeway Association or members, or person or persons unknown who were sympathetic with their cause. They have also had persons checked on their petitions; these names which have turned out to be names taken from tombstones and from persons deceased, (I hope they're deceased if they have a tombstone), and from persons who were not even contacted. And all this is the action of the United Freeway Association.

". . . [A]s a matter of fact, it's gotten to be so bad now that there are very few people who even wish to have their names associated with the United Freeway

Association because of the terrible reputation that they have made for themselves in the paper."

It is conceded for purposes of argument that the statement, charging forgery, theft of petitions and fraud, is defamatory of the persons to whom it refers.

The statement makes no reference to any individual. Respondent in effect said, "I don't know who the guilty persons may be. Whoever they are, however, they belong to one of two classes: either they are members of the United Freeway Association or are nonmembers who are sympathetic with the association's aims."

From the deposition of appellant it appears that the United Freeway Association was composed of 12,500 members and that in the opinion of appellant another 15,000 to 20,000 were in sympathy with the aims of the association.

It is clear, under the law, that an individual may not, as a general rule, recover damages for defamation of a group or class of persons of which he is a member. Louisville Times v. Stivers, 252 Ky. 843, 68 S.W.2d 411, 97 A.L.R. 277; Noral v. Hearst Publications, 40 Cal.App. 2d 348, 104 P.2d 860; see anno. 97 A.L.R. 281–292. When the group or class is large the defamatory matter must point to, or single out, the plaintiff as the person involved. Hays v. American Defense Soc., 252 N.Y. 266, 169 N.E. 380; accord Talbot v. Mack, 41 Nev. 245, 169 P. 25.

It is alleged in the complaint that all persons present at the meeting knew that the statement was made concerning the appellant. In support of this allegation the appellant in his deposition states that he felt that respondent was talking about him personally. When pressed for his reasons for such belief he stated, "Because I was there representing the United Freeway Association, and everyone there knew who I was." If others present were of the view that the statements in any way involved appellant, presumably it was for the same reason. No other reason is asserted.

Appellant has not shown himself to be personally slandered. He has simply identified himself with the association. He asserts, in effect, that as far as those present were concerned, he and the association were one and the same and that slander of one was slander of the other. This is not sufficient.

Personal humiliation from group slander is not uncommon. When a race, business, profession or nation is publicly slandered, and when a member of the slandered group is present and known to others present to be representative of the group, personal humiliation is inevitable. It is not actionable, however.

The gravamen of the slander in this case is the charge of forgery, theft and fraud. To be actionable this charge must have been directed at this appellant personally. Such a singling out cannot be found under any reasonable construction of the language used. The statement itself expressly negatives such a construction. No listener, then, could reasonably draw such a conclusion from the statement made.

This being the case, no issues remained for the jury, and summary judgment was proper.

Affirmed.

McNamee and Badt, JJ., concur.