George C. WEBB et al., Appellants,

v.

Whitley R. SESSIONS et al., Appellees.

No. 4823.

Court of Civil Appeals of Texas, Eastland.

Dec. 5, 1975.

James A. Mills, Jr., Abney, Conner & Mills, Dallas, for appellants.

James P. Neill, Jr., Sessions, Sessions, Neill, Schucchi & Hatch, Dallas, for appellees.

WALTER, Justice.

George C. Webb and William R. Moller, individually and on behalf of and as a representative of a class, to-wit: the deputies, agents and employees of the Dallas County Sheriff's Office of Dallas County, Texas, a group "in excess of 740 persons" filed suit against Whitley R. Sessions, Carl Freund and A. H. Belo Corporation for damages arising out of an alleged libelous publication.

The court rendered a summary judgment for the defendants and the plaintiffs have appealed. We affirm.

The plaintiffs alleged that on the 19th day of June, 1974, the defendants printed and circulated an article which was a false and malicious libel of and concerning the deputies, agents and employees of the Dallas County Sheriff's Office entitled "other Sheriffs linked to case". Plaintiffs allege to be libelous the following portions of the article:

> "Special Prosecutor Whitley Sessions, who described petty Thievery as 'a way of life' in the Dallas County Sheriff's Office, said Tuesday he uncovered evidence which showed that three additional sheriffs in Northeast Texas certified blank bonds."

> "SESSIONS SAID his investigation showed 'a large amount of petty thievery and the acceptance of small bribes' within the Dallas County Sheriff's Office.

> 'You could say it was a way of life,' Sessions said. 'It involved small amounts and it had been going on for a long time. But we have no direct evidence of large bribes or thefts.'"

The court rendered summary judgment because:

> ". . . the article of June 19, 1974, did not refer to any individual by name and could not be construed to mean and include all of the deputies, agents and employees of the Dallas County Sheriff's Office and thus does not libel each deputy, agent or employee of the Dallas County Sheriff's Office."

Article 5430, V.A.C.S., which provides the basis for libel action in Texas is as follows:

> "A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury. Acts 1901, p. 30."

In *Newspapers, Inc. v. Matthews*, 161 Tex. 284, 339 S.W.2d 890 (1960), at page 893, the court said:

> "We hold as a matter of law that *Matthews* cannot recover for libel to his person in this instance for the reason that the articles refer to no person who could possibly be identified as the respondent. The respondent *Matthews* was not named in either of the articles. The rule in this and other jurisdictions is that the asserted libel must refer to some ascertained or ascertainable person, and that person must be the plaintiff."

In *Pridemore v. San Angelo*, 146 S.W.2d 1048 (Tex.Civ.App.—Beaumont 1941, writ dism'd jdgmt. cor.), at page 1053, the court said:

". . . As a general rule, it is the province of the court to determine what constitutes defamation abstractly. Hence, if the language is plain and unambiguous, it is a question of law whether or not it is defamatory."

In *Macaulay v. Bryan*, 75 Nev. 278, 339 P.2d 377 (1959), at page 378, the court said:

"It is clear, under the law, that an individual may not, as a general rule, recover damages for defamation of a group or class of persons of which he is a member. *Louisville Times v. Stivers*, 252 Ky. 843, 68 S.W.2d 411, 97 A.L.R. 277; *Noral v. Hearst Publications*, 40 Cal. App.2d 348, 104 P.2d 860; see annotation 97 A.L.R. 281–292. When the group or class is large the defamatory matter must point to, or single out, the plaintiff as the person involved."

The June 19, 1974 article which was printed and circulated in the Dallas Morning News did not refer to any individual by name and could not be construed to mean and include all the deputies, agents and employees of the Dallas County Sheriff's Office.

We hold as a matter of law that an individual may not recover damages for defamation of a group or class in excess of 740 persons of which he is a member.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.